UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHEELA URSAL,<br>Plaintiff,<br>v.<br>BRIAN WAID ET AL.,<br>Defendant. | CASE NO. 2:26-cv-02210-JHC<br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte.

On June 23, 2026, Plaintiff, proceeding pro se, filed a Declaration and Application to Proceed in Forma Pauperis and Written Consent for Payment of Costs. Dkt. # 1. Based on Plaintiff's sworn representations in that document, including her representation that she is "unable to pay the costs of this proceeding," the Court granted Plaintiff IFP status on June 26, 2026. Dkt. # 4. The filings in this case have since called into question the truthfulness of Plaintiff's IFP Application. *See* Dkt. ## 13 at 6 (Defendants questioning the truthfulness of Plaintiff's IFP disclosures to the Court); 14 at 2 (Plaintiff stating that she has voluntarily paid the filing fee and no longer seeks to maintain IFP status); *id*. at 4 (Plaintiff stating that she currently holds interests in four investment funds); 15 at 2 (Plaintiff moving to vacate the Court's Order at

Dkt. # 4 because she "paid the filing fee in this action in full, in the amount of $405.00, by credit card through the Clerk of the Court").

"Proceeding in forma pauperis is a privilege, not a right." *Montoya v. Colvin*, 2016 WL 890922, at *1 (D. Nev. Mar. 8, 2016) (citing *Williams v. Field*, 394 F.2d 329, 332 (9th Cir. 1968)). And the inclusion of fraudulent misrepresentations in any document filed with the Court, but particularly in a sworn IFP application, is highly serious conduct that may warrant dismissal with prejudice. *See, e.g.*, 28 U.S.C.A. § 1915(e)(2)(A) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue[.]"); *Gallegos v. Spencer*, 2026 WL 1623338, at *2 (E.D. Cal. June 5, 2026) (dismissing action with prejudice because the plaintiff's "sworn IFP affidavit [ ] exposed him 'to the pains of perjury' and constitutes fraud on the Court warranting sanctions"); *Steshenko v. Gayrard*, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015), *aff'd sub nom. Steshenko v. Albee*, 691 F. App'x 869 (9th Cir. 2017) (collecting cases discussing dismissal for false allegations of poverty in IFP applications).

The Court thus ORDERS Plaintiff to show cause, on or before October 19, 2026, as to the truthfulness of the representations in the sworn IFP application at Dkt. # 1. Should Plaintiff wish to provide financial or other sensitive information to the Court, she may submit such information under seal. Failure to properly respond to this Order may result in dismissal of this action. The Clerk is directed to re-note the motions at Dkt. ## 13 & 16 for October 19, 2026.

Dated this 30th day of September, 2026.

John H. Chun
United States District Judge